Samuel H. Hofstadter, J.
Plaintiff moves pursuant to subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice for an order dismissing the defenses and counterclaims and thereupon for a further order granting summary judgment.
Plaintiff was the owner of a majority of the shares of capital stock of the defendant corporation. The certificate representing those shares was transferred to the trustee named in a trust indenture made by the plaintiff, the trustee and the defendant. The indenture provides that the trust shall terminate upon the occurrence of one of four events, one of which Was 1 ‘ the total revocation of the trust in the manner hereinafter provided ’ ’ and such provision is as f ollows: ‘ ‘ This trust can be revoked at any time during his lifetime by the G-rantor, provided, however, that so long as any portion of the fifteen-year loan being made by the Equitable Life Assurance Society of the United States to the Mundet Cork Corporation is outstanding, such revocation shall not be effective without the written consent of both the members of the Voting Committee, in which event the property constituting the trust estate shall thereupon be transferred and delivered to the G-rantor. After the death of the G-rantor the Voting Committee, by unanimous action, shall have the right to revoke the trust, in which event the property constituting the trust estate shall thereupon be transferred and delivered to Joseph C. Mundet.”
The indenture provides further that the trustee is directed to vote the stock in accordance with the instructions received from the Voting Committee, which consists of the grantor and another. In the event of disagreement it is the duty of the trustee to appoint a qualified and impartial individual to act as a third member of the Voting Committee and its decisions to be communicated to the trustee shall be reached by majority vote of the members of the Voting Committee. The grantor reserved the right to amend the trust but only to the extent of changing the person or persons who shall be entitled to receive the income of the trust.
There were several amendments to the indenture resulting in constituting the plaintiff and his wife as the sole beneficiaries. Upon their consents the trust was revoked, the trustee delivered the certificate standing in its name to the plaintiff and he delivered it to the defendant demanding issuance to him of a certificate in his name. Upon refusal to do so this action in *83 equity was commenced for judgment directing issuance of a new certificate.
The first defense rests upon a claim of invalidity of the revocation and it is asserted also as a counterclaim seeking a declaration of nullity. The second defense rests upon those provisions of the indenture which provide the voting machinery and it is also asserted as a counterclaim seeking enforcement of the agreement.
Plaintiff contends that section 23 of the Personal Property Law is a part of every trust and consequently the consents of the settlor and his wife to the revocation must be honored despite any provision in the agreement to the contrary. Further, plaintiff contends that the separation of legal title and voting power for a period longer than 10 years offends the provisions of section 50 of the Stock Corporation Law. Where the settlor has in fact contributed nothing to a trust the contributor of the funds is regarded as the settlor. The sole asset in the estate is the stock of the defendant corporation. If, as plaintiff insists, there is separation of title and voting power then it may well be that the trustee is not in fact named in form but the one who in substance is in management. In addition there is the consideration that in form at least the trustee does vote, albeit upon instruction from a voting committee.
The tripartite trust indenture is so interwoven as to its dual nature, as demonstrated by the agreement and the pleadings, as to require that the defenses and counterclaims be permitted to stand for further investigation and trial to discover whether equity will act to undo the transaction where the parties cannot be placed in status quo ante.
The motion is denied in all respects.